## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 550
### ZAMPLINER v. ROWLANDS

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4962. Decided March 28, 1924

225. **CHARGE TO JURY**—1. Where counsel fails to call court's attention to omissions in its charge, he thereby waives such errors.

2. Where jury renders a general verdict in case where there are more issues than one, verdict will not be disturbed because of error in court's charge on one issue.

SULLIVAN, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Zampliner to recover damages to his automobile as a result of a collision with defendant's car. The defendant by way of answer denied all negligence on his part and set up contributory negligence. Two issues were submitted to the jury under the proof and instructions of the court, to wit: the negligence of defendant as a proximate cause of the injury; and contributory negligence on the part of the plaintiff. The court in its charge stated to the jury that the violation of the statutory law would be contributory negligence in itself. The jury returned a verdict for the defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Standing alone, disconnected from the definition of contributory negligence and the statutory provisions as to speed, the statement of the law as given in the court's charge had the appearance of prejudicial error, but the responsibility of calling the court's attention to omissions of definition devolved not alone alone upon the court, but upon counsel as well, and upon default of duty therein, by counsel, the error was waived. (State v. McCoy, 88 OS. 447.)

2. Where a jury renders a general verdict for the defendant, it will not be reversed where there is more than one affirmative defense, unless special interrogatories are directed for answer to the jury in order that the basis of the verdict may be ascertained and specified, as under a general verdict it would be impossible to tell where error is directed against only one of the affirmative defenses, upon which issue the jury relied in rendering its verdict.

3. It is settled law in this State that where the issues are such that a finding of either in favor of the successful party entitled him to the judgment rendered, the judgment should not be reversed for error in the instructions to the jury relating exclusively to the other issue.

Attorneys—Beckerman & Felsman, for Zampliner; Dustin, McKeehan, Merrick, Arter & Stewart, for Rowlands; all of Cleveland .

No. 551
### REEVES v. STATE

Ohio Appeals, 2nd Dist., Franklin County
No. 1201. Decided June 23, 1924

144. **BILL OF EXCEPTIONS**—(1) Bill of exceptions must contain alleged misconduct of counsel to be reviewable.

1245. **VERDICT**—(2) Verdict held not manifestly against weight of evidence.

BY THE COURT.

Epitomized Opinion
Published Only in Ohio Law Abstract

Reeves was indicted and convicted for raping his step-daughter. Anna Thompson, the prosecutrix, testified against the accused and her testimony was corroborated by the fact that she screamed at the time, and made immediate complaint to her husband and neighbors. She also bore upon her head the marks of the assault, and a policeman testified that the defendant admitted that he had intercourse with the prosecutrix at the time charged. The testimony of the prosecutrix was weakened somewhat by the admission that the accused and she quarreled over certain money, and another witness corroborated the fact that the trouble was in part over the money. The conviction of the jury was sustained, whereupon defendant prosecuted error, claiming misconduct upon the part of the Prosecuting Attorney, and also claiming that the verdict was against the weight of the evidence. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the remarks of the Prosecuting Attorney were not brought into the bill of exceptions under the certificate of the trial judge, but are found only in affidavits attached to the bill of exceptions, the question as to misconduct is not for the court (State v. Youngstown, 77 OS. 529).

2. As the verdict was not manifestly against the weight of the evidence, the reviewing court cannot disturb or set aside the same.

Attorneys—Daisy Perkins, for Reeves; John R. King and Paul C. Hicks, for State; both of Columbus.